# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE J. McDONALD, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 08-cv-395-GPM |
| A. FEINERMAN, *et al.*, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action under 42 U.S.C. § 1983. On June 3, 2008, he applied for a temporary restraining order and or preliminary injunction (Doc. 1); he filed his complaint six days later. (Doc. 5).

This case is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). After review of the papers and exhibits, the Court finds it appropriate to exercise its authority under § 1915A and grant summary dismissal.

In May 2008, Plaintiff was issued a 12-month "feed in cell" permit by medical staff due to blood clots in his legs. He alleges that officers refused to honor this permit, forcing him to walk to the chow hall for meals. He fears that walking will dislodge the clots, possibly leading to a heart attack. It appears he filed an emergency grievance over this issue on four separate days in late May without relief, and then he filed this action.

The Illinois Administrative Code sets forth the grievance procedures to be followed by committed persons. *See* 20 Ill. Adm.Code § 504.800 *et seq*. An inmate first must take his complaint to a correctional counselor for informal resolution.[1] If this does not resolve the problem, he is to file a written grievance on an institutional form within sixty days of the incident or occurrence complained of, and that grievance should be addressed to the Grievance Officer. Each institution has one or more designated Grievance Officers who review such grievances. The Grievance Officer reports his or her findings and recommendations to the Chief Administrative Officer, *i.e.*, the warden, and the warden is to advise the inmate of his or her decision within two months after receipt of the grievance, "where reasonably feasible under the circumstances."

The inmate may appeal the warden's disposition of the grievance in writing to the Director of the Department of Corrections within 30 days of the warden's decision. The Director reviews the grievance and the responses of the Grievance Officer and warden and determines whether the grievance requires a hearing before the Administrative Review Board ("ARB"). If it is determined that the grievance is without merit or can be resolved without a hearing, the inmate is advised of this disposition in writing. Otherwise, the grievance is referred to the ARB, which may hold hearings and examine witnesses. The ARB submits a written report of its findings and recommendations to the

---

[1] If deemed an emergency presenting "a substantial risk of imminent personal injury or other serious or irreparable harm to the offender," an inmate may send his grievance directly to the warden. 20 Ill. Adm.Code § 504.840.

Director, and the Director then makes a final determination within six months after receipt of the appealed grievance, "where reasonably feasible under the circumstances." 20 Ill.Adm.Code §§ 504.810-850.

A failure to exhaust administrative remedies in a timely manner may lead to dismissal of the action without consideration of the merits, absent any waiver, estoppel, and equitable tolling. *See Ester v. Principi,* 250 F.3d 1058, 1071 (7th Cir. 2001); *Gibson v. West*, 201 F.3d 990, 993-94 (7th Cir. 2000); *White v. Bentsen*, 31 F.3d 474, 474-76 (7th Cir. 1994). Further,

> unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred. Any other approach would allow a prisoner to "exhaust" state remedies by spurning them, which would defeat the statutory objective of requiring the prisoner to give the prison administration an opportunity to fix the problem – or to reduce the damages and perhaps to shed light on factual disputes that may arise in litigation even if the prison's solution does not fully satisfy the prisoner. *See Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

*Pozo v. McCaughtry,* 286 F.3d 1022, 1023-24 (7th Cir. 2002). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* at 1025. Furthermore, "[a] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1977e(a) from litigating. Failure to do what the state requires bars, and does not just postpone, suit under § 1983." *Id.* at 1023-1024.

The Court recognizes that failure to exhaust administrative remedies is an affirmative defense. But "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). Such is the case here: Plaintiff

began filing grievances in late May 2008, and he brought his case to federal court less than two weeks later; he admits in his complaint that he did not submit his grievances to the Administrative Review Board on June 2, 2008, just one day before the Clerk received his motion for temporary restraining order. He did not completely exhaust his administrative remedies before bringing this lawsuit, and the Court need not wait for Defendants to point this out.

A clear failure to exhaust administrative remedies is equivalent to a finding that the Court does not have subject matter jurisdiction over this action. Lack of subject matter jurisdiction means that Plaintiff has failed to state a claim upon which relief may be granted. *See* FED.R.CIV.P. 12(b)(6). In summary, Plaintiff's complaint does not survive review under § 1915A.

Accordingly, this action is **DISMISSED** without prejudice to Plaintiff filing a new lawsuit, but only after he has exhausted his administrative remedies. Plaintiff is advised that the dismissal of this action counts as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

The Clerk shall **CLOSE THIS CASE**. All pending motions are **DENIED**.

**IT IS SO ORDERED.**

DATED: 03/11/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge