# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE J. McDONALD, | ) |
| Plaintiff, | ) |
| | ) CIVIL NO. 08-cv-395-GPM |
| vs. | ) |
| | ) APPEAL NOS. 09-1774, 09-1855 |
| A. FEINERMAN, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Court dismissed this action without prejudice, finding that Plaintiff McDonald had not exhausted his administrative remedies before filing this action. Now before the Court is McDonald's motion to reconsider (Doc. 12), as well as two motions for leave to proceed *in forma pauperis* on appeal (Docs. 14, 20).

Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). When, as here, the motion is filed within 10 days of the entry of judgment, whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not on the timing or label affixed to it. *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006). When the substance and the label of the post-judgment motion are not in accord, district courts are directed to evaluate it "based on the reasons expressed by

the movant." *Obriecht v. Raemisch,* 517 F.3d 489, 493 (7th Cir. 2008) (*quoting Jennings v. Rivers,* 394 F.3d 850, 855 (10th Cir. 2005)). A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993). In contrast, Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1).

In his motion, McDonald refers to the Court's "con game" and violation of Supreme Court rulings. Upon a review of the pleadings filed in this action, however, the Court remains persuaded that its ruling dismissing the case pursuant to 28 U.S.C. § 1915 was correct. Therefore, the motion for reconsideration is **DENIED**.

As for his motions for leave to proceed *in forma pauperis* on appeal, McDonald has not filed a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the notice of appeal or an affidavit that includes a statement of his assets as required by 28 U.S.C. § 1915(a)(2). Accordingly, these motions are **DENIED** without prejudice. If McDonald wishes, he may file another motion with this Court by using the forms provided in this district and including a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing his notice of appeal.

**IT IS SO ORDERED.**

DATED: 4/20/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge